UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO RIOS VIZCARRA,<br><br>Defendant. | No. 2:02-cr-00048-MCE<br><br>**ORDER** |

Defendant Roberto Rios Vizcarra ("Defendant") is currently serving a twenty-year sentence for conspiracy to distribute heroin and methamphetamine and conspiracy to launder money instruments after having a prior felony drug conviction in violation of 21 U.S.C. §§ 846, 841(a)(1), 851 and 18 U.S.C. § 1956(h). Presently before the Court is Defendant's Motion for Habeas Corpus Relief and for Interim Conditional Release, which the Government opposes. ECF No. 213, 215. For the reasons that follow, that request, which the Court construes as a Petition for habeas relief, is DENIED.

According to Defendant, he is entitled to a sentence reduction because the recently passed "First Step Act" makes clear that inmates are permitted 54 days of good time credit per year as opposed to the 47 days currently utilized by the Bureau of Prisons. ECF No. 213 at 1-2, citing Pub. L. No. 115-391, § 102(b)(1), 132 Stat. 5194, 5210 (2018). "Generally, motions to contest the legality of a sentence must be filed

under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernadez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); see also Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Because by Defendant's instant Motion, he challenges the manner in which the sentence is being executed (i.e., the calculation of his good time credits), the Court construes it as having been filed pursuant to § 2241. See Kornfeld v Puentes, Case No. 1:19-cv-00263-DAD-JLT, at 3 (E.D. Cal. Feb. 28, 2019) (Findings and Recommendation); Perez v. Puentes, Case No. 1:19-cv-00224-AWI-JLT, at 2 (E.D. Cal. Mar. 1, 2019) (Findings and Recommendation); Bottinelli v. Salazar, Case No. 3:19-cv-256-MO, at 2 (D. Ore. Mar. 13, 2019). Accordingly, Defendant must pursue his Motion in the district where he is housed. Hernandez, 204 F.3d at 864. Since Defendant is currently incarcerated at the Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania, his Petition should have been brought in the Western District of Pennsylvania rather than in this Court, and is subject to denial on that ground alone. See Decl. of Robin Carl, ECF No. 216, at 1.

Assuming this Court could provide Defendant's requested relief, however, his request is premature in any event. As indicated above, "[s]ection 102(b)(l) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed." Bottinelli, Case No. 3:19-cv-00256-MO, at 2. "But the text of the Act establishes that this provision is not immediately effective." Id. "Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the 'risk and needs assessment system' required by Section 101(a) of the Act." Id. "Section 101(a) does not require completion of the system until 210 days after the Act's enactment." Id. "Section 102(b)(l) therefore will not take effect until approximately July 2019." Id. "[This Court] cannot, as [Defendant] invite[s] [it] to do, ignore Section 102(b)(2)'s express and unambiguous text and

2

conclude that, despite what it clearly said, Congress really intended the 'good time fix' to be effective immediately." Id. Given the fact that the good time provision on which Defendant relies is not yet effective, his Motion for Habeas Corpus Relief and for Interim Conditional Release (ECF No. 213) is DENIED on the merits as well as procedurally. Consequently, his Petition is DISMISSED. See id.; see also Kornfeld, Case No. 1:19-cv-00263-DAD-JLT, at 4-5; Perez, Case No. 1:19-cv-00224-AWI-JLT, at 3-4.

IT IS SO ORDERED.

Dated: May 23, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE